**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RAYMONDA SINGLETON,<br><br>　　　　　　　　　Plaintiff,<br><br>vs.<br><br>LEGAL AID SOCIETY OF SAN DIEGO,<br><br>　　　　　　　　　Defendant. | CASE NO. 14CV1896 BEN (NLS)<br><br>**ORDER:**<br>• ***SUA SPONTE* DISMISSING COMPLAINT**<br>• **DENYING LEAVE TO PROCEED IFP**<br>• **DENYING MOTION TO APPOINT COUNSEL** |

Plaintiff Raymonda Singleton, proceeding *pro se*, has filed a Complaint, a motion to proceed *in forma pauperis* ("IFP"), and a motion to appoint counsel. (Docket Nos. 1, 2, 3). The Complaint is *sua sponte* **DISMISSED** without prejudice and with leave to amend and the motions to proceed IFP and for appointment of counsel are **DENIED** as moot.

**DISCUSSION**

A complaint filed by any person proceeding IFP under 28 U.S.C. § 1915(a) is subject to mandatory *sua sponte* review and dismissal if the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from suit. 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (finding § 1915(e)(2)(B) is not limited to prisoners). Having reviewed Plaintiff's

1 Complaint, the Court finds the Court does not have subject-matter jurisdiction over the
2 claim it appears Plaintiff is attempting to assert.

3 "Federal Courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life
4 Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal courts are generally limited to
5 federal question cases, "civil actions . . . aris[ing] under the Constitution, laws, or
6 treaties of the United States" and diversity cases, cases between citizens of different
7 states. 28 U.S.C. §§ 1331, 1332.[1] "It is to be presumed that a cause lies outside this
8 limited jurisdiction and the burden of establishing the contrary rests upon the party
9 asserting jurisdiction." *Kokkonen*, 511 U.S. at 377. Additionally, "[t]he Court has a
10 continuing obligation to assess its own subject-matter jurisdiction." *Allstate Ins. Co.
11 v. Hughes*, 358 F.3d 1089, 1093 (9th Cir. 2003).

12 Here, there is no basis for subject-matter jurisdiction based on federal question
13 or diversity. Diversity jurisdiction is lacking because Plaintiff and Defendant Legal
14 Aid Society of San Diego are both residents of California. There is also no basis for
15 federal question jurisdiction because all of Plaintiff's allegations are based on
16 Defendant's alleged failure to appropriately resolve issues between Plaintiff and her
17 previous landlord. It appears Plaintiff is attempting to assert a state law claim for legal
18 malpractice against Defendant. Even if Plaintiff adequately plead this claim, the Court
19 does not have subject-matter jurisdiction over a state law claim for malpractice.
20 Additionally, although Plaintiff identifies numerous federal statutes in her Complaint,
21 the allegations of the Complaint do not support any federal claim against Defendant.

22 Because this Court lacks subject-matter jurisdiction over the claim it appears
23 Plaintiff is attempting to assert, the Complaint is **DISMISSED without prejudice**.

---

[1] The Court may exercise supplemental jurisdiction over related state law claims, however, the Court cannot exercise supplemental jurisdiction over a state law claim when diversity or federal question jurisdiction is lacking. *See* 28 U.S.C § 1367 (providing for supplemental jurisdiction "in any civil action of which the district courts have original jurisdiction"). Additionally, the Court may decline to exercise supplemental jurisdiction for a number of reasons, including when "the [supplemental] claim substantially predominates over the claim or claims over which the district court has original jurisdiction." *Id.*

1     Plaintiff is granted leave to file a First Amended Complaint ("FAC") that
2 corrects the deficiencies outlined above. If Plaintiff files a FAC, it must be filed no
3 later than **December 16, 2014**. The FAC must be complete in itself without reference
4 to Plaintiff's initial Complaint. *See* S.D. Cal. Civ. L.R. 15.1. The Court cautions
5 Plaintiff that if she chooses to file a FAC, she must identify the basis for this Court's
6 subject-matter jurisdiction and her allegations must support a federal claim.

7     Because the Complaint is dismissed, Plaintiff's motion to proceed IFP and
8 motion to appoint counsel are **DENIED** as moot with leave to file new motions if
9 Plaintiff files a FAC.

## CONCLUSION

11     Plaintiff's Complaint is **DISMISSED without prejudice** and with leave to file
12 a FAC on or before **December 16, 2014**. Plaintiff's motions to proceed IFP and to
13 appoint counsel are **DENIED** as moot.

15     **IT IS SO ORDERED.**

17 DATED: October 16, 2014

                        Hon. Roger T. Benitez
                        United States District Judge